UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Madeline Williams,<br><br>         Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill,<br><br>         Defendant. | Case No.: 18-cv-2678-AJB-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. No. 3)** |

Plaintiff files for leave to proceed in forma pauperis on the complaint. (Doc. No. 3.) The Court reviews Plaintiff's complaint under 28 U.S.C. § 1915(e), as is required when a plaintiff files a motion to proceed in forma pauperis. (Docs. No. 1, 3.) The Court finds that Plaintiff's complaint does not sufficiently state a claim for relief. Thus, the Court **DENIES** Plaintiff's IFP motion without prejudice, and the Complaint is **DISMSSIED WITH LEAVE TO AMEND**.

## I. MOTION FOR IFP

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is

granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Plaintiff's motion states Plaintiff receives $1,182 from general public assistance. (Doc. No. 3 at 2.) Plaintiff's last employment was in 2014. (*Id.*) Plaintiff has two minor children who rely on her for support. (*Id.* at 3.) Plaintiff's expenses are nearly the same amount as her income assistance: $1,172.00. (*Id.* at 5.) The Court finds that Plaintiff has sufficiently shown an inability to pay the filing fee, but **DENIES** the motion for failure to state a claim for relief.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

Social security appeals are not exempt from the § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 12CV973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints."). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. "A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy

a plaintiff's pleading requirement." *Schwei v. Colvin*, No. 15CV1086-JCM-NJK, 2015 WL 3630961, at *2 (D. Nev. June 9, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

Based on the Court's review of the complaint, the Court finds Plaintiff failed to state enough facts to state a claim for relief. Plaintiff simply listed the factual and legal findings the ALJ made but failed to state any legal arguments. (*See* Doc. No. 1 at 2–3.) Plaintiff alleges "[t]here is no substantial medical or vocational evidence" to support the ALJ's conclusions; "[t]here is no substantial evidence . . . to support the Commissioner's finding that plaintiff could perform any substantial gainful activity;" and that the evidence can only support a finding of disability.[1] (*Id.*) Plaintiff made no attempt to state how the ALJ's decision was done in error; rather Plaintiff conclusively states so. For example, Plaintiff alleges "[n]ew and material evidence for which good cause exists for failure to submit earlier exists." (*Id.* ¶ 9(d).) Yet, Plaintiff fails to elaborate what specific "new and material evidence" he refers to. Thus, Plaintiff neither stated specific claims nor provided sufficient facts to allow Defendant to form the basis of a defense.

### III. CONCLUSION

Plaintiff's motion to proceed IFP is **DENIED** without prejudice and with **LEAVE TO AMEND** the complaint. Plaintiff must file and serve the first amended complaint ("FAC") along with a new IFP motion by **July 5, 2019**. Plaintiff's FAC "should state

---

[1] This form complaint is identical to the one filed in *Irizarry v. Berryhill*, S.D. Cal. No. 19-cv-476-AJB(NLS), *Copenhaver v. Berryhill*, S.D. Cal. No. 18CV790-AJB(MDD) and *Maye v. Berryhill*, S.D. Cal. No. 19CV110-AJB(WVG)—and others not listed here. The Court denied the initial IFP motions in these cases as well. (No. 19CV476, Doc. No. 2; No. 18CV790, Doc. No. 5; No. 18CV110, Doc. No. 4.) Plaintiff's counsel is strongly urged to reconsider using form complaints, which fail to comply with Rule 8 and the IFP statute and waste the Court's resources.

specifically why the facts of [her] situation did not support those of the ALJ's legal conclusions that [she] contends were not supported by substantial evidence." *Hoagland*, 2012 WL 2521753, at *2. The FAC should also discuss what "new and material evidence" exists, if any.

**IT IS SO ORDERED.**

Dated: June 20, 2019

Hon. Anthony J. Battaglia
United States District Judge