UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADELINE W.,<br><br>                                    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,[1] Acting Commissioner of Social Security,<br><br>                                    Defendant. | Case No.: 18-cv-02678-AJB-BLM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>**(Doc. No. 28)** |

Before the Court is a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) filed by Denise Bourgeois Haley, counsel for Plaintiff Madeline W. ("Plaintiff"). (Doc. No. 28.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers. For the reasons set forth below, the Court **GRANTS** the motion for attorney's fees.

**I.    BACKGROUND**

On November 6, 2018, Plaintiff signed a contingency fee agreement retaining Haley and the Law Offices of Lawrence D. Rohlfing to represent Plaintiff in connection with her

---

[1] Frank Bisignano became Acting Commissioner of Social Security on May 6, 2025, and is automatically substituted as Defendant in this case pursuant to Rule 25(d) of the federal Rules of Civil Procedure.

Supplemental Security Income ("SSI") claim before the Social Security Administration ("SSA") and any judicial review. (Doc. No. 28-1.)

On November 26, 2018, Plaintiff filed a complaint seeking judicial review of the Commissioner's denial of her application for supplemental security income (Doc. No. 1), which the Court dismissed with leave to amend in screening (Doc. No. 5.) Plaintiff then filed an amended complaint. (Doc. No. 6.) On October 28, 2019, the Commissioner filed the administrative record. (Doc. No. 15.) After Plaintiff filed a motion seeking reversal and/or remand of the SSA's denial of benefits (Doc. No. 20), the parties filed a joint motion to remand the matter to the SSA for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. No. 24), which the Court granted (Doc. No. 25).

On May 8, 2020, the parties filed a joint motion for Plaintiff to be awarded attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 26.) The Court granted the joint motion, awarding the requested $2,300.00 in fees. (Doc. No. 27.) Subsequently, on remand, the SSA awarded Plaintiff approximately $56,434.38 in retroactive SSI. (Doc. No. 28-3 at 4.)

On April 10, 2025, Haley filed the instant motion in which she seeks $14,000.00 pursuant to 42 U.S.C. §406(b) for 13.6 hours "Haley expended or supervised,"[2] with an order to reimburse Plaintiff $2,300.00 for the previously awarded EAJA fees. (*See generally* Doc. No. 28.) The Commissioner filed a response declining to take a stance on the motion but providing brief analysis of the requested fee. (Doc. No. 30.)

**II.     LEGAL STANDARD**

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such

---

[2] The instant motion mistakenly states 13.5 hours were expended. However, as identified by the Commissioner (*see* Doc. No. 30 at 2 n.4), Haley's timesheet records reflect a total of 13.6 hours, comprised of 3.2 hours expended by a paralegal and 10.4 hours expended by counsel. (Doc. No. 28-4.)

judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness, the court must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 533 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. However, since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Finally, any fee award under § 406 must be offset by any award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

**III. DISCUSSION**

Having reviewed the record and respecting the primacy of lawful attorney-client fee agreements, the Court finds that the amount of attorney's fees sought is reasonable. *See Crawford*, 586 F.3d at 1148. First, the requested amount is does not exceed the agreed upon 25% cap for services rendered prosecuting judicial review. (*See* Doc. No. 28-1.) In fact, the agreement permits recovery of 25% for representation before the SSA and another 25% for representation before this Court (*id.*); however, Haley is only seeking a single award of 25% for all representation combined. (Doc. No. 28 at 8.)

1  Moreover, there is no indication that Plaintiff's agreement to pay counsel 25% of any past-due benefits was reached by improper means. There is nothing in the record to suggest substandard performance, dilatory conduct, or a disproportionate amount of time spent on this case relevant to the benefits at stake. Rather, counsel's representation resulted in a favorable outcome before this Court, a favorable decision on remand before the SSA, and the Commissioner's award of past-due SSI benefits. (*See* Doc. Nos. 25; 28-3.)

Lastly, the Court notes that the effective hourly rate of approximately $1,029.41 is within the range of rates awarded by other courts.[3] *See, e.g.*, *Behrens v. Comm'r of Soc. Sec.*, No. 23-CV-02254-BLM, 2025 WL 896460, at *2 (S.D. Cal. Mar. 21, 2025) (approving an hourly rate of $1092.54 for work completed in 2023 through 2024); *Reddick v. Berryhill*, No. 16-CV-00029-BTM-BLM, 2019 WL 2330895, at *1–2 (S.D. Cal. May 30, 2019) (granting $43,000 in fees for 21.6 hours of work, which effectively is an hourly rate of $1,990.74, on reconsideration); *Truett v. Berryhill*, No. 13-CV-02742-W-BLM, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (accepting a "high hourly rate of $1,788.62").

Accordingly, based on the character of counsel's representation and the favorable results achieved, the Court finds the requested fees in the amount of $14,000.00 reasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) and **APPROVES** an award in the amount of $14,000.00. The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff $2,300.00 for the EAJA fees previously paid.

**IT IS SO ORDERED**.

Dated: May 7, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[3] The *de facto* hourly rate does not distinguish between paralegal and attorney work.